**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Jun 29, 2026

IN RE:

**ROBERT SIDNEY SHUE**

**Debtor.**

**Case No. 26-10892-T**
**Chapter 13**

**ORDER GRANTING MOTION TO EXTEND AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(c)(3)**

THIS MATTER comes before the Court pursuant to the Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3) (the "Motion"),[1] filed by Robert Sidney Shue ("Debtor"); an Objection,[2] filed by Charlotte Noel Fox ("Ms. Fox"), administratrix of the Estate of Rosa Stallings, deceased, and H. Kenneth Stephens, II ("Mr. Stephens"), court appointed commissioner in a pending partition proceeding related to the Stallings estate (collectively the "Objecting Parties"); and a Response,[3] filed by Debtor.  The Court held a non-evidentiary preliminary hearing on June 23, 2026 (the "Hearing"). After hearing argument, the Court took the Motion under advisement. The following Order is entered pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014.

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[4] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is

---

[1] ECF No. 8.

[2] ECF No. 15.

[3] ECF No. 17.

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

proper pursuant to 28 U.S.C. § 157(a). This matter is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A & G).

## Background

Debtor was previously a debtor in a Chapter 13 bankruptcy case filed on August 1, 2024, Case No. 24-02559-5 in the Eastern District of North Carolina (the "First Bankruptcy Case"). That case was dismissed for failure to make payments pursuant to a confirmed plan on August 6, 2025.

Prior to 2015, Debtor and his mother-in-law, Rosa Stallings, jointly owned two tracts of real estate in New Hanover County, North Carolina as tenants in common (the "Property").[5]  Ms. Stallings died in February 2015, a resident of New Hanover County, North Carolina. In 2022, Ms. Fox was appointed as administratrix to conduct an administration of Ms. Stallings's estate.[6]  Ms. Stallings's undivided interest in the Property constituted part of the estate.  Ms. Fox filed a partition proceeding in the estate to sell the jointly owned Property to obtain funds to pay debts and costs of administration in the estate. The clerk entered an order allowing the partition sale and appointed Mr. Stephens as commissioner to sell the Property.[7]  In the First Bankruptcy Case, the Objecting Parties requested, and were granted, relief from the automatic stay to proceed with a pending partition proceeding unless Ms. Fox, as administratrix of Ms. Stallings's estate, received sufficient funds to pay all claims and costs of administration of the estate by a date certain.[8]

---

[5] These facts were found by the Court in the First Bankruptcy Case. Order Lifting Automatic Stay, No. 24-2559-5 (Bankr. E.D.N.C. June 12, 2025), ECF No. 79 (the "First Case Stay Order").  *See* 26-10892, ECF No. 15-5.

[6] Ms. Fox is the administratrix of the Estate of Rosa Stallings, deceased, pursuant to appointment by the Clerk of the Superior Court of New Hanover County, North Carolina on August 3, 2022 (Estate file # 2022-E- 1054).

[7] Mr. Stephens is the commissioner in a pending partition proceeding in the office of the Clerk of the Superior Court of New Hanover County, North Carolina (Special Proceeding # 24-SP-593) involved in the administration of the Stallings estate.

[8] First Case Stay Order, *supra* note 5. *See* 26-10892, ECF No. 15-5.

Debtor filed a second petition for relief under Chapter 13 in this Court on May 28, 2026 (the "Second Bankruptcy Case"). In his schedules, Debtor listed the Property as having a value of $4.5 million, and himself as the only person holding an interest therein.[9] The schedules also refer to a pending foreclosure action involving Debtor pending in North Carolina, although it does not specifically refer to the Property.[10] On the petition date, Debtor filed the Motion, requesting the Court extend the automatic stay beyond the 30-day statutory limit pursuant to § 362(c)(3). Debtor argues that his financial condition has changed since the dismissal of the First Bankruptcy Case, because he will rely on his daughter to make the payments in the Second Bankruptcy Case, and that the case was filed in good faith. The Objecting Parties object to this extension. While they admit they are not creditors of this bankruptcy estate, the Objecting Parties assert they need relief from the stay imposed by § 362(a) in order to complete a partition sale of the Property.

### Discussion

Section 362(c) governs the duration of the automatic stay provided by § 362(a) in a bankruptcy case. With certain exceptions not relevant here, "the *stay of an act against property of the estate under subsection (a)* of this section continues until such property is no longer property of the estate."[11] When a debtor files multiple, successive bankruptcy cases, the duration of the automatic stay may be altered by § 362(c)(3 & 4). Relevant here, under § 362(c)(3)(A), if a debtor had a case pending within the preceding one-year period that was dismissed,

> the stay under subsection (a) *with respect to any action taken with respect to a debt or property securing such debt* or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.][12]

---

[9] ECF No. 1, at 12.
[10] *Id*. at 36.
[11] § 362(c)(1) (emphasis added).
[12] § 362(c)(3)(A) (emphasis added).

A debtor may obtain an extension of the stay if they can rebut the presumption that the subsequent case was not filed in good faith. The motion to extend the stay must be filed and a hearing held before the expiration of the thirty-day period.[13]

Courts are divided over the operation of § 362(c)(3)(A).[14]  While the Court of Appeals for the Tenth Circuit has not weighed in on this issue, the Bankruptcy Appellate Panel for the Tenth Circuit addressed the meaning of the statute in *In re Holcomb*.[15] The Tenth Circuit BAP adopted what has become known as the majority view, which found that the termination of the stay under § 362(c)(3)(A) is limited to *acts against the debtor and property of the debtor*.[16]  The statute does not terminate or otherwise affect the stay of *acts against property of the estate*.[17] In the absence of argument or authority to the contrary, the Court will adopt the holding of *In re Holcomb* for purposes of this matter.[18]

Section 362(c)(3)(A) by its language, terminates the automatic stay as it applies to "a debt or property securing such debt." The term "debt" means "liability on a claim."[19]  Debtor has no personal liability to the Objecting Parties, and they acknowledge that they are not creditors in this case.  They hold no claim directly against Debtor; their claim lies against the Property, in which Debtor has an ownership interest and which is property of this bankruptcy estate.  As such, even if the Court were to deny the Motion, any action against the Property would still be subject to the

---

[13] § 362(c)(3)(B).

[14] *See In re Smith*, 910 F.3d 576 (1st Cir. 2018) (noting competing interpretations).

[15] 380 B.R. 813 (10th Cir. BAP 2008).

[16] *Id*. at 816. *See also In re McGrath*, 621 B.R. 260, 264 (Bankr. D.N.M. 2020) (adopting holding of *In re Holcomb*).

[17] *Id*.

[18] *See In re McGrath*, 621 B.R. at 264 (finding opinions of the bankruptcy appellate panel are persuasive authority but not binding precedent).

[19] § 101(12).

stay imposed by § 362(a). Modification of the stay for purposes of taking an *action against property of the estate* must proceed under § 362(d).[20]

Because Debtor's First Bankruptcy Case was dismissed for failure to make payments under a confirmed plan, a presumption arises that the Second Bankruptcy Case was filed in bad faith.[21] To rebut this presumption, Debtor states that his financial condition has changed since the filing of the First Bankruptcy Case because he is now living with and receiving financial support from his daughter. He believes the Second Bankruptcy Case is likely to succeed through plan confirmation and discharge. The Motion was timely filed and no *creditor* has filed an objection. Based on representations of Debtor in the Motion and at the Hearing, the Court finds Debtor has rebutted the presumption and will grant the Motion.

### Conclusion

For the reasons stated above, the Court finds cause to grant the Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3). The Objection filed by Charlotte Noel Fox, as administratrix of the Estate of Rosa Stallings, deceased, and H. Kenneth Stephens, II, as court appointed commissioner in a pending partition proceeding related to the Stallings estate, is overruled.

Accordingly,

IT IS THEREFORE ORDERED that the Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3), filed by Robert Sidney Shue, Debtor herein, at ECF No. 8, is hereby GRANTED.

---

[20] *See In re McGrath*, 621 B.R. at 266 ("Finally, there is an easy creditor remedy if the limited stay relief of § 362(c)(3)(A) proves inadequate: a motion for relief from stay.").

[21] § 362(c)(3)(C)(i)(II)(cc).

IT IS FURTHER ORDERED that the automatic stay pursuant to 11 U.S.C. § 362(a) will remain in effect as to all creditors.

Dated this 29th day of June, 2026.

BY THE COURT:

_____
PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

6